# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 49934/49935

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>TRAVIS ANDREW COOK,<br><br>      Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed:  October 4, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Barbara Duggan, District Judge.

Judgments of conviction and aggregate sentence of twenty years, with seven years determinate, for felony attempted strangulation, misdemeanor domestic battery, two counts of felony injury to child, felony domestic battery in the presence of a child, and felony aggravated battery, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

This appeal involves two cases.  In Docket No. 49934, Travis Andrew Cook pled guilty to felony attempted strangulation, Idaho Code § 18-923, and misdemeanor injury to a child, I.C. § 18-1501(2).  The district court imposed a unified fifteen-year sentence, with seven years determinate, for attempted strangulation and 180 days of jail with credit for time served for injury to child.  In Docket No. 49935, Cook pled guilty to two counts of felony injury to a child, I.C. § 18-1501(1), felony domestic violence in the presence of a child, I.C. § 18-918(4), and felony aggravated assault, I.C. § 18-905.  The district court imposed a unified ten-year sentence, with three years determinate,

1

for each count of injury to child; a unified twenty-year sentence, with seven years determinate, for domestic violence in the presence of a child; and a five-year determinate sentence for aggravated assault. All sentences were ordered to run concurrently. In exchange for his guilty pleas, additional charges were dismissed and the State agreed not to file any further charges based on conduct disclosed by the victims. Cook appeals, contending that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Cook's judgments of conviction and sentences are affirmed.